Eastern District of Kentucky
**FILED**

FEB 01 2022

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

**CRIMINAL ACTION NO. 3:21-CR-0022-GFVT**

**UNITED STATES OF AMERICA**                   **PLAINTIFF**

**V.**            **PLEA AGREEMENT**

**REINALDO PACHECO**                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the remaining count of the Indictment.

2. The essential elements of Count 1 are as follows:

     a. That the Defendant knowingly possessed a firearm;

     b. That at the time the Defendant possessed the firearm, he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

     c. That at the time the Defendant possessed the firearm, he knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

     d. That the firearm had crossed a state line prior to the Defendant's possession.

3. As to Count 1 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

a. On July 1, 2020, the Defendant's girlfriend, Cristina Leanna Colon, entered Dan's Discount Jewelry and Pawn, a federally licensed firearms dealer, located in Frankfort, Kentucky in the Eastern District of Kentucky. While there, Colon purchased an aqua colored SCCY, Model CPX-1, Cal.: 9mm, pistol, SN: 917518. To complete the transaction, Colon filled out ATF Form 4473, falsely claiming that she was the true purchaser of the firearm. Because of this false statement, Dan's Discount sold the firearm to Colon.

b. Video surveillance from the transaction on July 1, 2020, showed Colon's purchase of the SCCY pistol. During the transaction, the Defendant, REINALDO PACHECO, a convicted felon prohibited from purchasing or possessing a firearm, entered the store while Colon was completing the purchase. After the purchase, Colon is observed on surveillance entering the passenger seat of a vehicle occupied by PACHECO. Colon is seen handing the firearm box containing the SCCY pistol to PACHECO who takes possession of the box and firearm, opens the box, and looks through its contents before handing it back to Colon.

c. On August 3, 2020, a search warrant was executed at a residence in Schenectady, New York by local law enforcement. Local law enforcement was investigating a shooting homicide that had occurred the previous day. During the execution of the search warrant, an empty SCCY firearm box was discovered inside the residence bearing the serial number matching that of the SCCY firearm purchased by Colon on July 1, 2020.

d. On August 10, 2020, PACHECO entered the same Dan's Discount Jewelry and Pawn in Frankfort, Kentucky. While there, PACHECO requested to look at a Diamondback pistol and a Taurus G2 pistol. PACHECO is seen on surveillance handling at least two firearms, including a Diamondback, Model DB9, Cal.: 9mm, pistol, SN: YA0134. PACHECO shows one of the firearms to an unknown person on Facetime on his phone. Additionally, PACHECO comments that an SCCY pistol in the display case is similar to a "blue one" he had. A store employee offers to put PACHECO's name into their business computer to search for discounts; however, PACHECO declines to have his name placed into the business's system. PACHECO leaves the store soon thereafter.

e. A few minutes after PACHECO leaves the store, Colon enters and immediately approaches the same firearm display case. Colon requests to purchase two firearms: a Diamondback and a Taurus pistol. Colon fills out a single ATF Form 4473 in order to acquire the firearms. On the form, Colon falsely claimed that she was the true purchaser of the firearms; however, the firearms dealer delayed the sale and did not transfer the firearms to Colon's possession.

f. Approximately 30 minutes after the failed transaction at Dan's Discount, Colon and PACHECO entered a second federally licensed firearms dealer, Capital Pawn, also located in Frankfort, Kentucky. There, PACHECO is seen pointing out a firearm he believed would "be a good gun for" Colon. Colon proceeds to complete the transaction without asking to see or handle the firearm. Colon fills out ATF Form 4473. At first she indicates that she is not the true purchaser of the firearm, before correcting and indicating that she was the true purchaser. Colon successfully acquires the firearm.

g. On or about August 10, 2020, ATF agents made contact with Colon. During the interview, Colon admitted to having purchased several firearms. Colon stated to agents that the various firearms were stored between her home, vehicle, and a local storage unit. However, upon arrival at the home, Colon could not produce any of the purchased firearms. A search of Colon's vehicle also failed to produce any of the purchased firearms. Upon returning to Colon's residence, ATF agents observed PACHECO there as well and requested an interview with him.

h. During the interview, PACHECO admitted to going into Dan's Discount to look at firearms. PACHECO admitted to asking the employee to allow him to see the firearms since the employee did not request identification first. PACHECO also explained how firearms were easy to purchase in Kentucky as opposed to New York where he is originally from.

i. The Defendant admits to knowingly possessing the SCCY, Model: CPX-1, Cal.: 9mm, pistol, SN: 917518 on July 1, 2020. The Defendant further admits to knowingly possessing the Diamondback, Model DB9, Cal.: 9mm, pistol, SN: YA0134, on August 10, 2020. The Defendant was prohibited from possessing a firearm having previously been convicted of a crime punishable by a term of imprisonment and knew he had been convicted of a such a crime prior to his possession of either firearm on July 1 and August 10, 2020. Specifically, the Defendant admits that he has previously been convicted of a felony controlled substance offense, namely, Enhanced Trafficking in Marijuana (Less than 8 Ounces), 1st Offense, by final judgment of the Franklin Circuit Court, Indictment No. 18-CR-00056, in June of 2018.

j. The Defendant also agrees that both firearms had been manufactured outside the state of Kentucky and, therefore, had crossed a state line prior to his possession of either.

4. The statutory punishment for Count 1 of the Indictment is not more than 10 years imprisonment, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   a. The United States Sentencing Guidelines (U.S.S.G.) in effect as of November 1, 2018, will determine the Defendant's guidelines range.

   b. Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 as well as all other provided discovery material.

   c. Pursuant to U.S.S.G. § 2K2.1(a)(4), the base offense level is 20 as the Defendant committed the instant offense subsequent to sustaining a felony conviction for a controlled substance offense.

   d. Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), the offense level is increased by 2 points as the offense involved 3 to 7 firearms.

   e. Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by 4 points as the Defendant used or possessed the firearm in connection with another felony offense.

   f. Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Part K.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph,

the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney=s Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2-1-22        By: _____
                    Francisco J. Villalobos II
                    Assistant United States Attorney

Date: 1-14-22       _____
                    Reinaldo Pacheco
                    Defendant

Date: 2/1/22        _____
                    Jeffrey C. Rager
                    Counsel for Defendant